UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Brandon Arflin,<br><br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>Clear Creek Consulting, Inc.,<br><br>　　　　　　　　　　Defendant | Civil Action No.  8:16-cv-00535-MGL<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

**JURISDICTION**

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Upon information and belief, the State which Defendant resides in is a State other than South Carolina.

3. The Defendant Clear Creek Consulting, Inc. ("CCC") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337, and venue is proper.

**FACTUAL ALLEGATIONS**

5. Defendant CCC is a private, for-profit corporation engaged in the business of providing tax resolution services.

6. CCC engages in the practice of telemarketing its services directly to the public.

7. CCC has engaged in the practice of 'cold calling' consumers.

8. Upon information and belief, CCC identifies its target consumers, inter alia, through public tax lien records.

9. In 2008, the Federal Communication Commission issued CCC a citation placing CCC on notice it was subject to the Telephone Consumer Protection Act (TCPA), and must not make solicitation calls to consumers with listed numbers on the National Do Not Call List.

10. Plaintiff was the sole subscriber to a VOIP telephone line ending in 0115, installed in his residence, and serving as a personal line.

11. The above number was placed on the national Do Not Call registry prior to 2012

12. Plaintiff resides with his elderly Father, Billy Arflin, who is a disabled veteran.

13. Because of an ongoing tax issue Billy Arflin was having with the IRS, two publicly recorded tax liens were issued against Billy's property. The first tax lien went into effect on or about November 3, 2011; the second lien on or about June 28th, 2012.

14. Upon information and belief, CCC identified Billy Arflin as a target for its marketing services via the above tax lien records.

15. Neither Plaintiff nor his father had no prior relationship with Defendant CCC, and never sought to initiate such a relationship. At no time did Plaintiff or his father consent to receive calls from CCC.

16. In or around late February of 2012, Defendant CCC began a "cold-calling" campaign to Billy Arflin, attempting to reach him by dialing Plaintiff's Do Not Call registered number.

17. On or shortly after February 22nd, 2012, Plaintiff received a call from CCC.

18. Plaintiff immediately advised CCC that his phone number was on the Do Not Call list and requested that CCC place no more calls.

19. Defendant CCC's responded by saying that CCC was not a telemarketer, that the Do Not Call list did not apply to it, and that the calls would continue until CCC spoke to Billy "about a personal matter."

20. Thereafter, despite Plaintiff's express request that CCC stop dialing his number, during the following 8 months CCC initiated at least 38 more calls, calling multiple times in the same day.

21. During one three-day stretch, Defendant CCC dialed Plaintiff's number 23 times.

22. Defendant's calls finally stopped only when Plaintiff threatened to call the police.

## FOR A FIRST CAUSE OF ACTION

### (Violation of Telephone Consumer Protection Act)

23. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

24. Defendant's telephonic activities are governed by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200.

25. Plaintiff's phone number was listed with the National Do-Not-Call Registry over 1 year prior to CCC's initial phone call. 47 U.S.C. § 227(c)(5)(B).

26. All calls made by CCC to the Plaintiff were intended for the purposes of solicitation as defined by the TCPA.

27. Defendant's initiation of more than one telephone solicitation within a 12-month period to a phone line registered with the National Do-Not-Call Registry violates 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5).

28. Defendant's initiation of calls for telemarketing purposes to Plaintiff without following procedures for maintaining a list of persons who request not to receive telemarketing calls violates 47 C.F.R. § 64.1200(d).

29. Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, failure to train, instruct, and monitor calling personnel to adequately maintain an internal do not call list, and failure to honor multiple do-not-call requests violates 47 C.F.R. § 64.1200(d).

30. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has a right to recover $500.00 in statutory damages for every call initiated. Because Defendant's violations of the above code sections were willful per the standard in 47 USC § 312(f), Plaintiff is entitled to an award of treble damages of up to $1,500 for every call made to him.  47 U.S.C. § 227(c)(5); § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for statutory damages, treble statutory damages, and such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By:   s/ Dave Maxfield_____
David A. Maxfield, Esq., Fed ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

February 22, 2016